IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

AHMED ALI                                                                      PETITIONER

v.                                               CIVIL ACTION NO. 5:19-cv-71-DCB-MTP

WARDEN GILLIS                                                                  RESPONDENT

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] filed

by Ahmed Ali.  On August 7, 2019, Petitioner filed his Petition, asserting that he had been

detained in immigration custody awaiting removal in excess of six months.  Petitioner argues

that his extended detention violates Section 241 of the Immigration and Nationality Act and

violates his substantive and procedural due process rights.  Petitioner seeks release from

immigration custody.

In his Response [15] and Supplemental Response [16], Respondent argues that the

Petition [1] should be dismissed as moot because on October 22, 2019, the United States

Immigration and Customs Enforcement ("ICE") issued a "Release Notification" informing

Petitioner that he would be released pending his removal and, two days later, ICE issued an

"Order of Supervision" which directed that Petitioner "be placed under supervision and

permitted to be at large . . . ." *See* [15-1]; [16-2].  Petitioner has not filed a reply to the Responses

[15] [16] or otherwise disputed the Respondent's assertion that the Petition is moot.  As the

Petitioner has been granted the relief he sought in his Petition—his release from immigration

custody—the Petition is now moot. *See Sanchez v. Attorney General*, 146 Fed. App'x 547, 549

(3rd Cir. 2005) (holding that release of alien from immigration custody rendered his habeas

petition moot); *Egoroff v. Clark*, 2010 WL 4056065, at *3 (W.D. Wash. Aug. 26, 2010)

1

("Because petitioner has received the relief sought in his habeas petition—a bond hearing which resulted in his being granted release under bond in the amount of $30,000—his petition is now moot and should be dismissed."). The Petition [1] no longer presents a live case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. Therefore, it should be dismissed as moot.

## RECOMMENDATION

For the reasons set forth herein, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 9th day of December, 2019.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

2